ORONOZ & CO., DEMANDANTE Y APELANTE, *v.* ALVAREZ,
DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla, en causa sobre mejor derecho a la propiedad.

No. 1326.—Resuelto en febrero 21, 1916.

EMBARGO—POSESIÓN DE LOS BIENES—ABANDONO.—Para que un embargo pueda quedar protegido, el funcionario que lo practica debe retener el poder y facultad de entrar en la inmediata posesión de los bienes, y si dejare de hacerlo, se considerará que el embargo ha sido abandonado.

ID.—PÉRDIDA DEL CONTROL DE LOS BIENES—EXTINCIÓN DEL DERECHO DE PREFERENCIA.—Si el depositario de bienes embargados, y por éste el funcionario ejecutivo de la corte, permiten que los mismos salgan de su posesión al hacerse un segundo embargo y ejecución, queda extinguido el derecho de preferencia adquirido originalmente, con la pérdida del control que tenían de dichos bienes.

ID.—SEGUNDO EMBARGO—ENTREGA DE LOS BIENES—CUSTODIA LEGIS.—Embargados unos bienes, y vueltos a embargar por un tercero, el depositario debe negarse a verificar la entrega de los mismos, basándose en que éstos se encuentran bajo *custodia legis,* y si fueren tomados violentamente, el depositario debe utilizar el correspondiente recurso ante la corte para evitar la pérdida del derecho.

ID.—SENTENCIA—ACREEDOR POR SENTENCIA—PRIORIDAD.—La mera prioridad de una sentencia no da derecho preferente alguno al acreedor primitivo. Es necesario el embargo u otro remedio parecido, pues en lo que respecta a acreedores por sentencia, el primero que embarga tiene prioridad.

ID.—PRELACIÓN DE CRÉDITOS.—La prelación de créditos a que se refiere el artículo 1822 y siguientes del Código Civil, no es aplicable a los embargos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Reichard & Reichard.*

Abogago del apelado: *Sr. Juan B. Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Oronoz y Compañía, que son los demandantes en esta acción también lo eran en otro pleito seguido ante la Corte Municipal de San Sebastián contra Santiago Rosa en cobro de $289.23. En la corte de San Sebastián los demandantes solicitaron y obtuvieron de la corte una orden de embargo para el aseguramiento de la sentencia. De acuerdo con dicha orden el márshal de la corte embargó preventivamente bienes suficientes del deudor para satisfacer la reclamación. Es un hecho importante en este caso el haber sido depositados dichos bienes en poder de Joaquín Oronoz por orden y bajo la responsabilidad de Oronoz y Compañía.

Los demandantes en esta acción alegaron que una vez firme la sentencia de la corte municipal, no pudo hacerse efectiva sobre los bienes embargados por haber sido éstos embargados y vendidos en virtud de resolución de la Corte de Distrito de Aguadilla. Los apelantes nos hacen suponer que tenían un válido y subsistente derecho de preferencia y, por tanto, que el embargo subsiguiente y venta que de acuerdo con el referido embargo se llevó a cabo estaba sujeto a dicho derecho de preferencia.

Como hemos indicado los bienes fueron depositados en poder de Joaquín Oronoz quien según parece es uno de los demandantes en este caso. Pedro Alvarez había establecido una reclamación hasta obtener una sentencia contra el mismo deudor Santiago Rosa. En cumplimiento con esta sentencia se permitió al márshal de la Corte de Distrito de Aguadilla en alguna forma que no aparece clara en los autos, que embargara y vendiera los bienes que ya se encontraban bajo la custodia de Joaquín Oronoz. No consta que este último formulara alguna protesta contra el acto del márshal, o que los demandantes hubieran tratado de algún modo en la Corte de Distrito de Aguadilla de proteger su pretendido derecho de preferencia. Estos al parecer confiaron enteramente en su primitivo embargo y depósito.

Las autoridades generalmente sostienen el criterio de que para que un embargo pueda quedar protegido, el funcionario

que lo practica debe retener el poder y facultad de entrar en inmediata posesión de los bienes, y si dejare de hacer esto se considerará que el embargo ha sido abandonado. 2 R. C. L. 867, Título Embargo. En la misma obra, y en la página 868, se dice que si se pierde la posesión legal de los bienes y objetos personales que han sido embargados, el embargo, que está sujeto a dicha posesión queda disuelto. *Sanford* v. *Boring,* 12 Cal. 539; *Western* v. *Door,* 43 Am. Dec. 259. El mismo principio se entablece en 4 Cyc. 654. Joaquín Oronoz y por éste el márshal de la corte municipal, permitieron que los bienes embargados salieran de su posesión habiéndose perdido el derecho de preferencia adquirido originalmente.

Aparece de los autos que el márshal de la Corte de Distrito de Aguadilla trató de hacer efectiva la sentencia de Oronoz y Compañía en la corte municipal pero que la Corte de Distrito de Aguadilla, a solicitud de Alvarez Paje, ordenó que la misma fuera satisfecha a Pedro Alvarez Paje. No consta cuál fué la verdadera razón que tuvo la corte de distrito para adoptar esta resolución, pero a menos que se demuestre lo contrario, debe presumirse que el márshal de la corte de distrito presentó su certificado de diligenciamiento acreditando que había embargado bienes del deudor. No existe nada en los autos que demuestre que el márshal de la corte de distrito consintió o convino en hacer el embargo de los bienes sujetos al primer embargo. Podríamos tener dudas de si la Corte de Distrito de Aguadilla hubiera quedado obligada por razón de dicho convenio puesto que la teoría del embargo de bienes muebles es que el derecho de preferencia se extingue con la pérdida del control por parte del funcionario ejecutivo y en este caso el márshal de la corte municipal o su depositario Oronoz abandonaron o perdieron la posesión. Sería dudoso que cualquier convenio particular entre los dos márshals pudiera afectar a Alvarez Paje o al derecho de la corte a ordenar que se haga efectiva la sentencia de dicho Alvarez Paje sobre los bienes en poder del márshal. Segura-

mente que no afectaría a la corte a menos que se demostrara el convenio.

Se alega en la demanda que Pedro Alvarez Paje tenía conocimiento de todos los procedimientos y su conocimiento es un hecho que ha sido admitido en este caso. Aparece también, como hemos visto, que el márshal iba a proceder a hacer efectiva la sentencia dictada a favor de Oronoz en la corte municipal y que la corte de distrito a instancias de Alvarez Paje ordenó que el producto fuera satisfecho a este último. No vemos que surja por ello ninguna causa de acción contra Alvarez Paje en favor de los demandantes. No se ha alegado o demostrado que Oronoz o el márshal de la corte municipal renunciaran el control que tenía sobre los bienes debido a alguna proposición o promesa, expresa o tácita, por parte de Alvarez Paje. El derecho preferente se perdió por el hecho de renunciar al poder que tenían sobre los bienes, y si los demandantes fueron inducidos a hacer renuncia de dicha posesión por razón de alguna promesa o aliciente de Alvarez Paje, debió haberse mostrado tal promesa o incitación. De lo contrario no surje ninguna causa de acción por razón de los actos de Paje (*estoppel*) o por algún otro motivo. Los demandantes o su agente abandonaron el control. Al presentarse el otro acreedor o el márshal de la corte de distrito, el depositario Aronoz debió haberse negado a verificar la entrega basándose en que los bienes ya se encontraban bajo custodia legal. Y si entonces el márshal de la corte de distrito los tomara violentamente dicho depositario hubiera tenido un recurso directo a la corte de distrito. De los autos no consta que el depositario, el márshal de la corte municipal, o los demandantes en este caso hubieran hecho alguna diligencia por evitar que se perdiera el derecho.

La corte de distrito al resolver el caso en favor de Pedro Alvarez Paje fundó su razonamiento en el hecho de que dicho acreedor había obtenido sentencia de fecha anterior a la de los demandantes y apelantes en esta acción. Recientemente ha resuelto este tribunal que la mera prioridad de una sen-

·tencia no da derecho preferente alguno al primitivo acreedor. *Auffant* v. *Sucesión de Manuel de J. Ramos et al.,* resuelto en enero 26, 1916. Es necesario el embargo o alguna otra medida parecida para darle prioridad a la sentencia y en lo que respecta a acreedores por sentencia el primero que embarga· tiene prioridad. Es una lucha en la cual el más diligente sale victorioso. La prelación de créditos a que se refiere el artículo 1822 y siguientes del Código Civil no es de aplicación a los embargos.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.