MEAD, DEMANDANTE Y APELADO, *v.* DAPENA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre prelación de embargo.

No. 2843.—Resuelto en julio 28, 1923.

EMBARGO DE BIENES MUEBLES—PREFERENCIA DE EMBARGO.—Si el depositario de bienes muebles embargados, y por éste el funcionario ejecutivo de la corte, permiten que los mismos salgan de su posesión en virtud de un posterior embargo, queda extinguida la preferencia adquirida por quien embargó primeramente.

ID.—*Custodia Legis.*—El depositario de bienes muebles embargados puede resistir la entrega de éstos cuando han sido embargados por un tercero, basándose en que tal propiedad se encuentra bajo *custodia legis.*

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. R. Dapena Pacheco.*

Abogado del apelado: *Sr. T. Castillo.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se ha interpuesto esta apelación contra sentencia que declara con lugar una demanda en la que se solicita se declare que un embargo hecho por el demandante tiene preferencia sobre otro embargo hecho anteriormente por el demandado.

De las alegaciones y de las pruebas resulta que seguido pleito por Rafael Dapena contra Eduardo Torres Pacheco se decretó el embargo de bienes del demandado, siendo nombrado por la corte el demandante Dapena depositario de los bienes muebles que se embargasen: que el márshal, en 30 de agosto de 1921, embargó bienes inmuebles y semovientes y a instancia del demandante, y bajo su responsabilidad, dejó en poder del demandado los bienes semovientes embargados: que más tarde, en otro pleito de Charles H. Mead contra el mismo Torres también se decretó el embargo de bienes, que fué trabado el 29 de septiembre de 1921 sobre los mismos bienes que había embargado Dapena, habiendo sido entregados los semovientes a Francisco Lugo como depositario del demandante, según aparece del diligenciamiento del márshal, quien declaró que no hubo oposición y que no se emplearon medios violentos en la entrega de los semovientes: que al día siguiente de este embargo comunicó por escrito al depositario Lugo autorizándolo para que requiriese al demandado Torres para la entrega de los bienes embargados, manifestándole que si Torres trataba de ocultarlos podía solicitar la ayuda de la policía; que el depositario Lugo se incautó de dichos semovientes sin que se haya probado acto alguno de fuerza o intimidación; que después de presentada la demanda que motiva esta apelación, Dapena solicitó del tribunal, el 27 de enero de 1922, que le restituyera en la posesión de los bienes muebles de que se había incautado Lugo, depositario de Mead, alegando

que había hecho la entrega por la amenaza que contenía la carta del márshal.

La cuestión en este pleito está decidida por nuestra sentencia en el caso de *Oronoz* v. *Alvarez*, 23 D. P. R. 537, en el que declaramos que para que un embargo pueda quedar protegido, el funcionario que lo practica debe retener el poder y facultad de entrar en la inmediata posesión de los bienes, y si dejare de hacerlo, se considerará que el embargo ha sido abandonado: qué si el depositario de bienes embargados, y por éste el funcionario ejecutivo de la corte, permiten que los mismos salgan de su posesión al hacerse un segundo embargo y ejecución, queda extinguido el derecho de preferencia adquirido originalmente, con la pérdida del control que tenían de dichos bienes, y que embargados unos bienes, y vueltos a embargar por un tercero, el depositario debe negarse a verificar la entrega de los mismos, basándose en que éstos se encuentran bajo *custodia legis,* y si fueren tomados violentamente, el depositario debe utilizar el correspondiente recurso ante la corte para evitar la pérdida del derecho.

En este caso los bienes que estaban depositados en Torres bajo la responsabilidad de Dapena como depositario, fueron tomados por el depositario de Mead sin violencia alguna, pues no podemos entender como tal el hecho de que el márshal indicara al depositario que si Torres ocultaba los bienes reclamara el auxilio de la policía, porque la intervención de la policía no puede estimarse como acto alguno de violencia ni debemos suponer que ella violentamente iba a proceder contra la ley; no hubo entonces protesta alguna pues la reclamación que hizo Dapena fué posterior a la interposición de este pleito. Dapena y por él el márshal de la corte, permitieron que los bienes embargados salieran de su posesión, habiéndose perdido así el derecho de preferencia adquirido originalmente. La teoría del embargo de bienes muebles es que el derecho de preferencia se extingue

con la pérdida del control por parte del funcionario eje-
cutivo y al presentarse el otro depositario debió Torres, re-
presentando a Dapena, negarse a verificar la entrega basán-
dose en que los bienes ya se encontraban bajo custodia le-
gal. Los casos de *García* v. *Humacao Fruit Co.*, 23 D. P.
R. 247, y de *Luiña Hermanos* v. *Miguel*, 28 D. P. R. 930, ci-
tados por el apelado en su moción para que se le restitu-
yeran los semovientes, no son de aplicación a este caso.

Por las razones expuestas la sentencia apelada debe ser
confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Wolf, Hutchison y Franco Soto.