Société Anonyme des Sucreries de Saint Jean, representada por su Director René Stordeur, tercerista y apelada, v. Rafael Dávila Carrión y Jaime Cucurella Rodeja y su esposa Luisa Dávila Carrión, demandados y apelante el primero.

No. 3508.—*Visto:* Junio 16, 1925. *Resuelto:* Julio 28, 1925.

1. Embargo—Diligenciamiento *(Return)*—Certificado—Derecho a Controvertirlo.—El certificado de diligenciamiento de una orden decretando un embargo puede ser controvertido con prueba demostrativa de que no se hizo embargo alguno en determinada fecha.

2. Embargo—Práctica de Embargo, Gravamen *(Lien)*, Custodia y Disposición de los Bienes—Práctica de Embargo de Bienes Muebles—Suficiencia.—Cuando al practicar un embargo de bienes muebles un márshal no se incauta de ellos de modo que pueda llevárselos o entregarlos en depósito a otra persona ni nombre depositario alguno, su actuación no constituye un embargo.

3. Apelación y Error—Resolución y Disposición del Caso—Modificación—Pronunciamiento Sobre Costas.—No procede modificar una sentencia en el sentido de imponer las costas al apelante si la parte apelada no ha apelado de esa parte de la sentencia.

Sentencia de *Pablo Berga*, J. (Humacao), declarando con lugar la demanda, sin costas. *Confirmada.*

*González Fagundo & González, Jr.*, abogados del apelante; *Henry G. Molina*, abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En un pleito seguido por Ricardo Dávila Carrión contra Jaime Cucurella y su esposa Luisa Dávila Carrión en cobro de pesos fué decretado el aseguramiento de la sentencia, cuya orden aparece fué diligenciada el 5 de julio de 1921 en la siguiente manera: "Certifico que recibí la presente orden de embargo el día 5 de julio de 1921 a las 2 de la tarde, cumplimentada el mismo día recibida a las 3 a. m. y según moción del demandante Ricardo Dávila embargué como bienes del demandado Jaime Cucurella Rodeja y su esposa Luisa Dávila Carrión, los siguientes: 66 sacos de azúcar depositados en la Central Santa Juana, de Caguas, y según manifestaciones de don Prudencio Wittermans que el demandado debe como refacción a la referida central $897.83 sin

intereses: y también debe $165 sin intereses; los retoños que hay en dicha finca: 12 cuerdas más o menos de plantilla de cañas dulces: y una plantación de cañas de tocón, como de 44 cuerdas más o menos, cultivada esta plantación, como la anterior en una finca rústica propiedad de doña Emilia Casanova, y radicada en el barrio de Bairoa del término municipal de Caguas, P. R.   Caguas, 5 de julio de 1921.   Rafael Mas, Márshal.   Por Alejandro Lizardi, Segundo Submárshal del distrito de Humacao, P. R.''

El 10 de octubre del mismo año el márshal del distrito se incautó en la Central Santa Juana de 66 sacos de azúcar lo que hizo con la protesta del representante de la central y a los pocos días la Societé Anonyme des Sucreries de Saint Jean, que continuaremos llamando Central Santa Juana, presentó un escrito al márshal manifestándole que los 66 sacos de azúcar embargados el 10 de octubre de 1921 son de su propiedad, e iniciando así su tercería contra las partes en el otro pleito alegando en su demanda como fundamento de ella que la tercerista había comprado esos sacos de azúcar el 30 de julio del mismo año a Jaime Cucurella.

Celebrado el juicio recayó sentencia a favor de la tercerista, sin especial condena de costas, y en la apelación que contra ella estableció Ricardo Dávila Carrión alega como motivo de su recurso que la corte inferior cometió los siguientes errores: 1º, permitir que la demandante presentara prueba testifical para demostrar la forma en que se practicó el embargo; 2º, declarar que el embargo se hizo el 10 de octubre de 1921 y no el 5 de julio de ese año; y 3º, declarar que el azúcar embargado era de la propiedad de la demandante y que en 10 de octubre de 1921 Cucurella y Dávila no tenían azúcar ninguna en la central.

Los tres motivos de error demuestran por sí mismos que la cuestión principal entre las partes es si el embargo fué hecho el 5 de julio o el 10 de octubre de 1921, siendo esto así porque la central alega que compró el 30 de julio de ese año los azúcares de Cucurella y por tanto si no hubo em-

bargo el 5 de julio tales azúcares eran propiedad del terce-
rista desde el 30 de ese mes y la sentencia apelada debe ser
sostenida.

[1, 2] El certificado hecho el 5 de julio por un submár-
shal del diligenciamiento de la orden decretando el embargo
de bienes de Jaime Cucurella es prueba *prima facie* sola-
mente de la verdad de lo consignado en él por lo que podrá
ser controvertida con otras pruebas demostrativas de que
no se hizo embargo alguno y por tanto no es sostenible el
primer error alegado.

La manifestación hecha por el submárshal que cumplió
la orden de aseguramiento de sentencia de que embargó 66
sacos de azúcar de Jaime Cucurella depositados en la Cen-
tral Santa Juana no demuestra por sí misma que depositara
esos sacos de azúcar en poder de la central sino más bien
que embargó azúcar que estaba depositada allí y sin incau-
tarse de ella por lo que no puede sostenerse que el 5 de ju-
lio se hizo el embargo de esos bienes ya que el funcionario
que lo practicó no retuvo la inmediata posesión de los bie-
nes que embargó ni los depositó en otra persona. *Oronoz*
v. *Alvarez,* 23 D.P.R. 536. Pero la duda que esas palabras
pudieran suscitar desaparecen con la declaración que prestó
el submárshal de no haber estado en el almacén donde se
guardaba el azúcar ni haber nombrado depositario a persona
alguna porque el demandante no le indicó la persona que
debía ser designada depositaria, aunque también dijo haber
nombrado depositario al Sr. Wittermans, director de la cen-
tral, depósito que éste niega haber sido hecho en su poder,
por lo que no habiéndose incautado el submárshal de deter-
minados sacos de azúcar como de la propiedad de Cucurella
de tal modo que pudiera llevárselos o entregarlos en depó-
sito a otra persona y no habiendo nombrado depositario
alguno, llegamos a la conclusión de que lo actuado el 5 de
julio por el submárshal no constituye un embargo que pu-
siera determinados bienes en su poder y que él los deposi-
tara en la central. En consecuencia el verdadero embargo

no tuvo lugar hasta el 10 de octubre en que el márshal se incautó efectivamente de 66 sacos de azúcar de los que había en la central y que no eran del demandado Cucurella porque desde el 30 de julio habían sido comprados por la central como abono a una cuenta de refacción que tenía con la sociedad de Ricardo Dávila Carrión y Jaime Cucurella, que en los libros de la central aparecía a nombre de Jaime Cucurella por ser éste quien se entendía con la central.

[3] En cuanto a la pretensión de la parte apelada de que modifiquemos la sentencia en el sentido de imponer las costas al demandado Dávila, nos bastará decir que ella no apeló la sentencia en esa parte que cree perjudicarle.

*La sentencia apelada debe ser confirmada.*