Santini Fertilizer Co., Inc., demandante y apelante, v. Modesto G. Capiel y Eladia Castejón, demandados y El Banco Popular de Economías y Préstamos de San Juan, demandado y apelado.

No. 3955.—*Visto:* Diciembre 2, 1926. *Resuelto:* Febrero 25, 1927.

1. Embargos—Reclamaciones de Terceras Personas—Reclamaciones por Virtud de Embargos—Oposición a éstas.—Cuando en realidad nunca se adquiere un derecho preferente sobre una propiedad al trabarse embargo sobre la misma, aquél que esté en posesión y alegue ser dueño de aquélla tiene derecho a oponerse a la reclamación preferente que se haga por virtud de dicho embargo.

2. Embargos—Práctica de Embargo *(Levy)*, Derecho de Retención *(Lien)* y Custodia y Disposición de los Bienes—Pérdida del Derecho de Retención Sobre Propiedad Embargada—Remedio del Acreedor—Persona Contra Quien Debe Ejercitarlo.—Cuando al venderse una finca en ejecución de sentencia ya se ha levantado embargo de un acreedor por haberse devuelto aquélla a un tercerista, habiendo el acreedor perdido todo derecho de retención sobre la misma está obligado, si tiene algún derecho, a ejercitarlo contra el tercerista y no contra el comprador.

3. Ejecución—Vinta—Forma, Proceder *(Conduct)*, Validez y Confirmación y Anulación—Anuncio de Subasta—Aviso de que la Propiedad Queda Afecta a un Derecho de Retención por Embargo.—El aviso de un márshal al efecto de que una propiedad a ser vendida en subasta queda afecta a un derecho de retención a virtud de embargo no puede crear ni crea tal derecho si éste no existía anteriormente.

Resolución de *Pablo Berga*, J. (San Juan), declarando sin lugar la moción de la demandante sobre consignación en incidente sobre ejecución de sentencia. *Confirmada.*

*Enrique Rincón,* abogado del apelante; *Monserrat & Monserrat,* abogados del banco apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Esta apelación envuelve una lucha de diligencia entre acreedores rivales reclamantes de la propiedad que una vez perteneció a y está en posesión de Modesto G. Capiel y Eladia Castejón.

La Corte de Distrito de San Juan dictó una opinión de la cual haremos el siguiente resumen:

En 25 de mayo de 1925 en ejecución de una sentencia obtenida por el Banco Popular de Economías y Préstamos

contra Modesto G. Capiel, el primero compró en venta en pública subasta la siguiente propiedad:

A. Una opción de compra que Modesto G. Capiel había adquirido de Mr. Ray P. Meaker y su esposa en una finca rústica radicada en Pueblo Viejo.

Otra parcela de terreno en el mismo barrio que medía 15 pies de ancho por 60 pies de largo, más o menos.

B. Una plantación de cañas de azúcar en la misma propiedad.

C. La actual cosecha de toronjas y chinas para ser recogidas en dicha finca.

Dicha adjudicación se hizo por la suma de $100 por la propiedad descrita bajo la letra A y $50 por la descrita bajo las letras B y C.

En la venta el márshal hizo constar que los bienes se vendían sujetos a dos gravámenes, uno perteneciente al Dr. Eugenio Fernández García por virtud de un embargo y otro a la Santini Fertilizer Company, Inc., con motivo de un embargo y obtenido igualmente por esta última firma.

Que la Santini Fertilizer Company, Inc., la demandante en un pleito seguido contra Modesto G. Capiel y Eladia Castejón solicitaba en una moción que se obligara a dicho banco a consignar en la corte la suma de $1,617.46 por razón del embargo, ya que, así se alegaba el banco había adquirido dicha propiedad sujeta al embargo de la Santini Fertilizer Company, Inc.

Entonces la corte procedió a hacer una descripción del caso No. 1344 instituído anteriormente por la Santini Fertilizer Company, Inc., y luego dijo:

"De este caso No. 1344 resulta que en 31 de enero de 1925, la Corte de Distrito de San Juan, Distrito 2, ordenó, por vía de aseguramiento de sentencia, el embargo de bienes de los demandados Modesto G. Capiel, y Eladia Castejón, para responder de la cantidad de $1,522.91 de principal, intereses de la deuda, honorarios de abogado, costas, gastos y desembolsos del procedimiento, sin fijarse el montante de estas responsabilidades accesorias, y que en igual forma

y en el mismo día se libró mandamiento al márshal de la corte para hacer efectivo el embargo apareciendo trabado éste sobre una plantación de 25 cuerdas de caña situadas en el barrio Pueblo Viejo, del Municipio de Guaynabo, que debía molerse en la Central Juanita, Inc. de Bayamón. No aparece librado mandamiento al Registrador de la Propiedad y la acción del márshal se limitó a expedir una notificación a la demandada Eladia Castejón haciendo constar la traba del embargo y requiriéndola para que no dispusiera de la plantación ni de su producto sino a virtud de subasta judicial de la misma, con citación de la demandante y de acuerdo con la ley sobre aseguramiento de sentencias, sin que aparezca constancia de haberse diligenciado dicha notificación; y un requerimiento firmado por el mismo márshal y dirigido a Antonio Monroig, como administrador de la Central Juanita, Inc. de Bayamón, notificándole la traba del embargo y designando a dicha Central, a indicación de la demandante, como depositaria de la plantación de cañas que se había embargado y requiriéndola para que se constituya en depositaria y para que el producto de dichas cañas, una vez molidas, lo pusiera a disposición de la Corte hasta la suma de $1,522.91. No aparece orden de la corte haciendo el nombramiento de depositario, ni ninguna otra actuación que la orden decretando el aseguramiento.

En 12 de Febrero de 1925 se solicitó por la demandante una ampliación del embargo sobre una finca rústica de 50 cuerdas en el barrio de Pueblo Viejo de Guaynabo, y de otra parcela de terreno en el mismo barrio de 15 pies de ancho por 60 de largo, cuyos inmuebles se dijeron adquiridos por Modesto G. Capiel por compra a Mr. Ray P. Meaker, en el año 1917, y el tribunal, en orden del día siguiente, autorizó la ampliación, ordenando al secretario expidiera al márshal el correspondiente mandamiento de embargo, que no aparece expedido.

En 5 de Marzo de 1925, Federico García Dávila reclamó del márshal de la corte, mediante procedimiento de tercería de bienes muebles, la plantación de cañas de 25 cuerdas que habían sido embargadas como de la propiedad de Eladia Castejón, apareciendo de autos el juramento y la fianza correspondiente y el certificado del márshal de haberse verificado la entrega al tercerista.

En 12 de Noviembre de 1925, la misma Santini Fertilizer Co., Inc., alegando la adjudicación hecha al Banco Popular de Economías y Préstamos de San Juan, y por tanto que la sentencia que en su día pudiera recaer en el pleito (de Santini) había quedado sin asegurar, solicitó ampliación de embargo sobre propiedad mueble del demandado Modesto G. Capiel, decretándose la misma en la propia