ENCARNACIÓN JORGE, demandante y apelante, *v.* A. ALVAREZ HNOS. demandados y apelados.

No. 4382.—*Sometido:* Febrero 12, 1929. *Resuelto:* Marzo 25, 1929.

*Dubón & Ochoteco,* abogados del apelante; *F. Soto Gras* y *R. Díaz Collazo,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En la demanda en este caso se alega que la apelante había instituido anteriormente un pleito contra Cándido Claudio y otros, y había embargado una "guagua" perteneciente a

dicho Cándido Claudio; que al prestarse la fianza correspondiente, la propiedad fué entregada a Cándido Claudio; que A. Alvarez Hermanos comenzó un pleito contra Cándido Claudio, embargó la "guagua", la vendió y se apropió del producido.

La teoría de la demanda en el presente caso es que A. Alvarez Hermanos tenía conocimiento del pleito anterior y que tenía además el debido conocimiento del embargo. La corte resolvió que ellos tenían conocimiento del embargo; pero que no sabían que Cándido Claudio fuera un mero depositario.

La apelante no ha incorporado a los autos ninguna de la prueba presentada durante el juicio. Descansa en la opinión de la corte y en los hechos en que se fundó la misma. Por lo que hemos podido referirnos a la opinión, se desprende claramente que para poder apreciar cualquiera cuestión de hecho, la prueba debe ser elevada a esta corte.

Los apelados además llaman nuestra atención hacia el hecho de que la apelante permitió que la "guagua" saliera de manos del márshal al prestar una fianza el demandado y que por tanto el embargo fué levantado. *Oronoz v. Alvarez,* 23 D.P.R. 536; *Mead v. Dapena,* 32 D.P.R. 402; *Santini Fertilizer Co. v. Capiel,* 36 D.P.R. 350. Convenimos con esta posición de los apelados.

Vamos un poco más lejos y decimos que nos parece que al prestar una fianza la propiedad pasó a Cándido Claudio para todos los fines. Por consiguiente, que otro acreedor estaba protegido al embargarla, tuviera o no conocimiento de todos los hechos que preceden.

Más en particular, aún si la corte hace conclusiones solemnes de hecho, cuando se levantan cuestiones de hecho, la prueba debe ser elevada a este tribunal, a menos que la contestación admita los hechos necesarios de la demanda.

*La sentencia debe ser confirmada.*