ENRIQUE ALVAREZ MONTALVO, peticionario y apelante, *v.* CORTE MUNICIPAL DE UTUADO, HON. RAFAEL MARCHAND, JUEZ, demandada y apelada.

No. 5460.—*Sometido:* Marzo 25, 1931. *Resuelto:* Mayo 24, 1932.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Enrique Alvarez Montalvo instó ante la Corte Municipal de Utuado un litigio contra Angel García Pérez. La corte municipal expidió una orden dirigida al márshal para que embargase bienes del demandado. En cumplimiento con la misma el márshal dió ciertos pasos embargando o tratando de embargar un interés ascendente a la mitad de cierto tabaco. Los resultados del supuesto embargo no fueron lo que esperaba el acreedor, y éste creyó que los procedimientos en la corte municipal y del márshal no habían estado de acuerdo con la ley, y en su consecuencia radicó una petición de *certiorari* en la Corte de Distrito de Arecibo.

La corte de distrito originalmente libró el auto, pero con

posterioridad anuló el mismo y ésta es la apelación de la resolución anulando el auto. Como no es de todo punto fácil entender los procedimientos en este caso, seguiremos el método de tratar los hechos cronológicamente.

■ El diligenciamiento original del márshal de la orden de embargo lee como sigue:

"Que recibí la presente orden de embargo a las 2 de la tarde del día 10 de marzo de 1930 y en cumplimiento de la misma procedí el día 14 de marzo de 1930 a embargar y embargué cómo de la propiedad del demandado y por designación de la parte demandante los siguientes bienes: El importe de la mitad de un tabaco que en medianería tiene dicho García Pérez, demandado en este caso, con Dn. Rafael Herrera, ascendente dicha mitad a diecisiete y medio quintal, contándose también como parte de esta mitad doscientas trece libras que dicho Sr. Herrera recibió de García Pérez y guarda en tal concepto de medianería; que tanto el demandado en este caso García Pérez, como el Sr. Rafael Herrera fueron debidamente notificados del presente embargo por el márshal que suscribe."

Entonces aparece en los autos copia de las instrucciones del abogado del demandante al márshal. La propiedad a embargarse y la forma de efectuar la traba eran prácticamente idénticas a las anteriormente descritas en el diligenciamiento del márshal. Posteriormente se registró una rebeldía contra el demandado, así como una sentencia. La corte después ordenó la ejecución de la sentencia, y entonces el abogado del demandante indicó al márshal que los bienes a ser usados en la ejecución de la sentencia eran los mismos que habían sido embargados para asegurar la efectividad de la misma. Esta orden llevaba fecha 29 de abril de 1930.

En 15 de julio de 1930 el márshal hizo otro diligenciamiento a la corte en el cual dijo en efecto que cuando requirió el pago o cumplimiento a Herrera, éste le informó que el tabaco no había sido liquidado por los Tabacaleros de Utuado a quienes había sido entregado. "Tabacaleros de Utuado" probablemente significa una organización para la venta de tabaco. El márshal continuó diciendo que había

hecho varias súplicas a Herrera de que pagara y que recibió la misma respuesta, o sea que el tabaco no había sido liquidado. El demandante entonces solicitó y obtuvo de la corte municipal una orden perentoria dirigida a Rafael Herrera para que hiciera una liquidación.

En 19 de julio de 1930 compareció un nuevo abogado del demandante en el caso y archivó una petición bastante larga dirigida a la corte, en la cual indicaba que algunos de los procedimientos del márshal no estaban de acuerdo con la ley y que debía librarse una nueva orden dirigida al márshal para que vendiera el tabaco embargado. En la súplica de esta petición el abogado del demandante hizo la manifestación de que el tabaco embargado fué dejado en poder de Herrera solamente como depositario del mismo. El demandante también insistió en que tenía derecho a vender el tabaco embargado. La corte municipal, teniendo ante sí la orden de embargo y el diligenciamiento del márshal, resolvió en 29 de julio de 1930, que no procedía la petición del demandante. Después de esta actuación de la corte aparece un diligenciamiento fechado agosto 4 de 1930 suscrito por Rafael Herrera en que dice que después de hacer los abonos y cargas correspondientes en dicha cuenta, García le adeudaba a él (a Herrera) la suma de $8 y que por tanto no tenía bienes en su poder pertenecientes al demandado.

La Corte de Distrito de Arecibo, después de hacer un resumen de la mayor parte de los hechos que anteceden, manifestó que las cuestiones presentádasle (en la forma expuesta por el peticionario) eran que como el márshal había trabado un embargo preventivo sobre el tabaco y había depositado éste en poder de Herrera, la corte no tenía derecho a negarse a obligar al márshal a vender en pública subasta dicho tabaco y con el producido de dicha venta a permitir que el demandante recobrara el importe de su sentencia. La corte decidió, desde luego correctamente, que el márshal nunca logró efectuar un embargo preventivo sino que el embargo

se trabó solamente sobre el importe que se alegaba el demandado tenía en el tabaco, y que en su consecuencia no se efectuó embargo alguno; y dijo que Rafael Herrera había dispuesto del tabaco transfiriéndolo a los Tabacaleros de Utuado y que de la liquidación final quedaban en favor (sic) del demandado Angel García Pérez solamente $8. La corte expuso los procedimientos mediante los cuales un embargo preventivo y un depósito pueden ser efectuados y resolvió que tales procedimientos no habían tenido lugar en este caso y que por tanto el márshal nunca había tomado posesión ni depositado los bienes bajo la custodia de persona alguna designada por él y que en verdad nunca se tomó la iniciativa de nombrar un depositario. La corte entonces cita casos de ésta y otras cortes para demostrar que cuando el funcionario que practica el embargo pierde la posesión de los bienes embargados, el mismo queda disuelto, y la corte repite la contención del juez municipal de que el márshal se limitó a notificar a Herrera el haber practicado el embargo sin haber dado paso alguno tendente a trabar un embargo efectivo, y en realidad la corte indicó que todo lo que el diligenciamiento del márshal revela es que este funcionario embargó el importe del tabaco, mas no el tabaco mismo. La corte entonces citó el caso de *Societé Anonyme de Sucreries* v. *Carrión et al.*, 34 D.P.R. 622, para demostrar que lo que tuvo lugar no fué un verdadero embargo. El razonamiento de la corte entonces demuestra que no podía efectuarse un embargo válido en una participación de algo a la sazón inexistente, como lo era el precio de un artículo que en la fecha específica del supuesto embargo no se había puesto en el mercado.

Podemos agregar a esto lo que la corte aparentemente pasó por alto, o sea que lo que el márshal hizo en este caso fué un cumplimiento exacto de las instrucciones del demandante. Difícilmente podría atenderse al demandante al éste quejarse de que el márshal hizo lo que le fué pedido.

Quizá, conforme insiste el apelante, la corte pudo haber

estado equivocada al decir que no había posibilidad de efectuar un embargo del importe. No obstante, el apelante no nos convence de que los procedimientos últimos no estuvieran de acuerdo con las órdenes del demandante o de que Herrera estuviese equivocado al hacer la liquidación que hizo.

El apelante está simplemente equivocado al decir que los bienes estaban depositados en poder de Herrera. No hay la más ligera frase en los autos que demuestre que a Herrera se le constituyó depositario por persona alguna.

Tenemos una seria duda respecto a si todo lo que la corte municipal hizo o si todo lo efectuado por el márshal de la misma estaba sujeto a ser revisado por *certiorari,* pero en uno u otro caso no hallamos error alguno, y *la sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.