RAFAEL PÉREZ GUERRA, demandante y apelante, *v.* FELIPE MATOS BERNIER y su esposa JUANA SANTIAGO BIZO, demandados y apelados.

No. 6737.—*Sometido:* Mayo 21, 1935. *Resuelto:* Junio 7, 1935.

*Fernando Zapater,* abogado del apelante; *Guillermo S. Pierluisi,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal. La acción en este caso fué titulada "Cobro de dinero." En la demanda se alegaba la existencia de una segunda hipoteca otorgada por los demandados para garan-

tizar la suma de $450; que los demandados dejaron de pagar el principal, los intereses, las contribuciones y el seguro, obligaciones que surgían del contrato de hipoteca. Se solicitaba se dictara sentencia y que esta última fuera ejecutada contra los bienes hipotecados y contra cualesquiera otros de los demandados. El inmueble descrito en la demanda era una parcela de terreno, una casa y un ranchón destinado a dulcería.

La naturaleza de esta acción parecería ser personal. Sin embargo, aún si se considerara como una en ejecución de hipoteca, lo que el márshal de la Corte de Distrito de Ponce trató de hacer específicamente fué trabar sobre determinados bienes un embargo para asegurar la efectividad de la sentencia.

En el momento de efectuarse el embargo existía en la propiedad una batidera. Si estaba o no adherida al suelo, y en qué forma, son las cuestiones principales envueltas en este recurso.

La moción sobre señalamiento de bienes le decía al márshal que embargara una pianola y una batidera. El márshal al ejecutar la orden de embargo tomó posesión de la pianola y la entregó a un depositario. Notificó a los demandados del embargo de la batidera, más no la removió de allí ni la puso en manos de un depositario.

El demandado Felipe Matos Bernier vendió la batidera y cuando el márshal deseó venderla en pública subasta, la batidera no fué hallada en la propiedad. El demandante solicitó se castigara al demandado Felipe Matos Bernier por desacato.

La Corte de Distrito de Ponce resolvió que en vista de las decisiones de este tribunal en *Oronoz* v. *Álvarez,* 23 D.P.R. 536; *García* v. *Humacao Fruit Co.,* 25 D.P.R. 682; *Mead* v. *Dapena,* 32 D.P.R. 402, y *Societe Anonyme de Sucreries* v. *Dávila,* 34 D.P.R. 622, la moción debía ser declarada sin lugar; en efecto que la batidera en cuestión era un bien mue-

ble y toda vez que el márshal no tomó posesión de la misma ni nombró a un depositario para ella, su actuación no constituía un embargo.

El apelante no ha radicado un señalamiento de error adecuado, pero entre otras cosas cita de varios comentaristas substancialmente al efecto de que de acuerdo con la Ley Hipotecaria, artículo 111, y el Código Civil, edición de 1930, artículo 263, no era obligatorio trabar un embargo; que estando la batidera adherida al suelo no era necesario ningún procedimiento especial de embargo; que la batidera formaba parte de la finca hipotecada.

Sin entrar en todas las posibles cuestiones interesantes sugeridas, parecería que el demandante no se fundó en el gravamen hipotecario sino en el gravamen del embargo realmente trabado. Se admite que el demandado fué acusado de desacato en la moción por haber dejado de respetar el embargo.

En apoyo de la conclusión de la corte, la exposición del caso dice que durante la vista las partes convinieron en que la batidera era un bien mueble; que el apelado negó que la batidera en realidad estaba adherida al suelo. Éste declaró que la misma estaba situada en una plataforma levantada del suelo y fácilmente separable.

No es necesario que vayamos mucho más lejos, pero somos del criterio de que una batidera eléctrica, como la envuelta en este caso, debe generalmente ser considerada como un bien mueble hasta que claramente se desprenda lo contrario. Conforme indican los comentaristas, la voluntad del dueño de una industria puede desempeñar un papel para determinar si cierto objeto específico ha perdido su naturaleza de bien mueble.

*La resolución debe ser confirmada.*